NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-3245

STEVEN G. COKER,

Petitioner,

v.

DEPARTMENT OF COMMERCE,

Respondent.

Steven G. Coker, of Presidio, Texas, pro se.

Meredyth Cohen Havasy, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Brian M. Simkin, Assistant Director.

Appealed from:  Merit Systems Protection Board

# United States Court of Appeals for the Federal Circuit

2009-3245

STEVEN G. COKER

Petitioner,

v.

DEPARTMENT OF COMMERCE,

Respondent.

Petition for review of the Merit Systems Protection Board in
DA0752080426-I-1.

_____

DECIDED:  December 11, 2009

_____

Before RADER, ARCHER, and PROST, <u>Circuit Judges</u>.

PER CURIAM.

Steven G. Coker ("Coker") appeals the final decision of the Merit Systems Protection Board ("Board") vacating the initial decision and dismissing his appeal for lack of jurisdiction.  <u>Coker v. Dep't. of Commerce</u>, No. DA-0752-08-0426-I-1 (Merit Sys. Prot. Bd. Jun. 23, 2009) ("<u>Final Decision</u>").  The decision of the Board is <u>affirmed</u>.

This is not the first time Coker has come before this court on the matter of Law Enforcement Availability Pay ("LEAP").  In <u>Coker v. Department of Commerce</u>, 2009 WL 1285136 (Fed. Cir. 2009) ("<u>Coker I</u>"), we affirmed the Board's determination that the settlement agreement entered into between Coker and the Department of Commerce

("the agency") did not require the agency to pay Coker LEAP and, therefore, the agency had not breached the settlement agreement.[1]

While Coker I was pending, Coker filed another appeal with the Board, asserting that he was subjected to a separate appealable action when the agency canceled his LEAP. In an initial decision, the administrative judge found that the cancellation of LEAP was an adverse action separate and apart from the removal action, and that, therefore, the Board possessed jurisdiction. Coker v. Dep't. of Commerce, No. DA-0752-08-0426-I-1 (Merit Sys. Prot. Bd. Jan. 30, 2009) ("Initial Decision"). On review, the full Board held that Coker's appeal was precluded by the settlement agreement, which set forth his entitlement to compensation arising from the cancellation of the first removal and in which he waived his right to seek any further compensation. Final Decision, slip op. at 5. Concluding that Coker's "attempt to separately appeal the agency's failure to pay LEAP amounts to a prohibited collateral attack on the settlement agreement," the Board dismissed the appeal for lack of jurisdiction. Id. at 6.

The Board "generally will not entertain an appeal that amounts to a collateral attack on a settlement agreement." Johnson v. U.S. Postal Serv., 108 M.S.P.R. 502, 506, n.3 (2008). In this case, Coker attempts to re-litigate the denial of LEAP by arguing that his silence on the matter during the settlement negotiations could not result in the loss of his right to LEAP. As we stated in Coker I:

> [I]n the settlement agreement Mr. Coker explicitly waived his right to "any
> . . . type of compensation, except what is specifically set forth in
> paragraph 3." Availability pay is a type of compensation, and paragraph 3
> of the settlement agreement did not specifically provide for such

---

[1] The underlying facts and relevant portions of the settlement agreement can be found in Coker I. Accordingly, we do not repeat them here.

compensation. Mr. Coker therefore waived any right he might otherwise have had to seek availability pay under the LEAP Act.

Coker I, 2009 WL 1285136, at *2. Thus, we concluded that "the settlement agreement did not require the agency to provide availability pay to Mr. Coker." Id. at *4.

The matter of the availability of LEAP was conclusively determined in Coker I. Coker's current action, therefore, is nothing more than a collateral attack of our conclusion in Coker I. Thus, the Board was correct in dismissing Coker's present action. See Mahoney v. Dep't of Labor, 56 M.S.P.R. 69, 72 (1992) (holding that because the appellant entered into a settlement agreement that provided for his retirement, he could not collaterally attack the validity of the settlement agreement by filing a new appeal claiming that the retirement was involuntary).