# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

ALMA B. HINTON,
        Appellant,

      v.

DEPARTMENT OF VETERANS
  AFFAIRS,
        Agency.

DOCKET NUMBER
AT-1221-15-0655-W-1

DATE: February 10, 2016

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alma B. Hinton</u>, Martinez, Georgia, pro se.

<u>Edith W. Lewis</u>, Columbia, South Carolina, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed her individual right of action (IRA) appeal for lack of jurisdiction as it is barred by the terms of an earlier settlement agreement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the appellant has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

¶2      The appellant's appeal of her 2011 removal was settled by an agreement reached by the parties, resulting in an initial decision by the administrative judge dismissing the appeal as settled. On the appellant's petition for review of the decision, she challenged the validity of the agreement. The Board denied the appellant's petition and affirmed the initial decision as to all matters but one. The Board found that the appellant had raised an age discrimination claim below but that the administrative judge had failed, as is required, to make any findings regarding whether the settlement agreement complied with the provisions of the Older Workers Benefit Protection Act (OWBPA). The Board found that the agreement did not, in fact, comply with OWBPA, and that that failure invalidated any waiver of the appellant's age discrimination claim. Therefore, the Board remanded the appeal for further adjudication of that claim, noting that the appellant's waiver of her other, non-age discrimination claims remained in effect. *Hinton v. Department of Veterans Affairs*, 119 M.S.P.R. 129, ¶¶ 4-10 (2013). On remand, the administrative judge found that the appellant failed to prove her age discrimination claim, and on the appellant's petition for review, the full Board

agreed. *Hinton v. Department of Veterans Affairs*, MSPB Docket No. AT-0752-11-0476-B-1, Final Order (Dec. 24, 2013).

¶3      A year and a half later, the appellant filed an IRA appeal in which she alleged that the agency retaliated against her for reporting patient abuse over her 17-year career, by mistreating her, causing her to suffer a significant loss in wages, and wrongfully removing her.  Initial Appeal File (IAF), Tab 1.  She stated that she had exhausted her remedy before the Office of Special Counsel (OSC), *id.* at 1, but she did not submit any documentation from OSC.  She requested a hearing.  IAF, Tab 3.  The administrative judge issued an order to show cause on the basis that the settlement agreement that resolved the appeal of the appellant's removal, apart from her age discrimination claim, included a provision which precluded the initiation of any claims in any forum which arose or could have been asserted through the last date of the last signature of the agreement (January 9, 2012).  The administrative judge ordered the appellant to show cause why her appeal should not be dismissed for lack of jurisdiction based on that provision of the settlement agreement.  IAF, Tab 5.  In response, the appellant appeared to challenge the validity of the agreement.  IAF, Tab 6.  She also repeated her claim that she was retaliated against for her whistleblowing, including being wrongfully removed, and she raised allegations of prohibited discrimination.  She referenced irregularities that allegedly occurred during her hearing before the Equal Employment Opportunity Commission, and she enclosed a newspaper article that focused on certain problems at the clinic where she had been employed.[2]  *Id.*

¶4      In an initial decision based on the written record the administrative judge dismissed the appeal for lack of jurisdiction, finding that the appellant's claims constituted an impermissible collateral attack on the settlement agreement.  IAF, Tab 7, Initial Decision (ID) at 1, 5.

---

[2] Other than designating a representative, IAF, Tab 4, the agency did not respond to the appellant's appeal.

¶5     On review, the appellant has submitted a closure letter from OSC. Petition for Review (PFR) File, Tab 1 at 8-9. She repeats her claim that the agency retaliated against her for disclosing incidents of patient abuse and otherwise treated her unfairly over her 17 years of employment, and she seems to challenge the validity of certain provisions of the settlement agreement.[3] *Id.* at 4-6.

¶6     None of the appellant's arguments address the basis upon which the administrative judge dismissed her appeal, that is, because it is barred by the explicit terms of the settlement agreement. The agreement clearly provided that it was in complete settlement of the appeal, an equal employment opportunity matter, "and all other claims or allegations of any nature which Appellant has or could have asserted against the Agency up through the effective date" of the agreement and that "all issues arising or which may arise from the facts, circumstances, charges, liabilities, transactions or occurrences that are the subject matter of this appeal and this Settlement Agreement are resolved." Because the appellant could have raised the claim of retaliation for whistleblowing prior to January 9, 2012, the administrative judge correctly found that it is subsumed under the terms of the settlement agreement and the appellant is precluded from raising the issue in a new appeal. *See Coker v. Department of Commerce*, 111 M.S.P.R. 523, ¶ 9, *aff'd*, 355 F. App'x 421 (Fed. Cir. 2009). That is so, notwithstanding OSC's closure letter advising the appellant of her right to seek corrective action for the Board.

¶7     Nor can the Board entertain the appellant's challenges to the validity of the settlement agreement as that issue was resolved in the Board's Opinion and Order. *Hinton*, 119 M.S.P.R. 129, ¶ 5.

¶8     With her petition, the appellant has submitted numerous documents, including correspondence with her credit union regarding the check that was provided to her by the agency in accordance with the settlement agreement, PFR

---

[3] The agency did not respond to the appellant's petition for review.

File, Tab 1 at 12, and a transcript showing certain courses she took, *id.* at 24. Although new, this evidence is not material to the dispositive jurisdictional issue in this case. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980). The appellant also has submitted documents relating to her removal, PFR File, Tab 1 at 14-23, Standard Form 50s going back as far as the 1960s, *id.* at 25-39, handwritten notes relating to her employment, *id.* at 43-46, and a newspaper article about whistleblowers, *id.* at 49. None of these documents is material. *See Russo*, 3 M.S.P.R. at 349. Another newspaper article the appellant has submitted is part of the record below, *compare* PFR File, Tab 1 at 47, *with* IAF, Tab 6 at 6, and it therefore does not constitute new evidence, *see Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose

to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

FOR THE BOARD:                _____
                                      William D. Spencer
                                      Clerk of the Board

Washington, D.C.