# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

TABBY MPOFU,

                  Appellant,

        v.

DEPARTMENT OF AGRICULTURE,

                  Agency.

DOCKET NUMBER
DC-0752-11-0081-C-1

DATE: September 30, 2016

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Carlos Cortes</u>, Albuquerque, New Mexico, for the appellant.

<u>Kevin L. Owen</u>, Esquire, Silver Spring, Maryland, for the agency.

## BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

## FINAL ORDER

¶1      The appellant has filed a petition for review of the compliance initial decision, which denied her petition for enforcement. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the compliance initial decision, which is now the Board's final decision in the compliance proceeding. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2    The underlying merits appeal was resolved by a written settlement agreement, which the administrative judge accepted into the official record for enforcement purposes. *Mpofu v. Department of Agriculture*, MSPB Docket No. DC-0752-11-0081-I-1, Initial Decision (ID) (July 6, 2011). In this compliance proceeding, the appellant alleged that the agency had violated the settlement agreement in several respects, and she also alleged that the settlement agreement was procured in bad faith and should be set aside. Compliance File (CF), Tab 1. The administrative judge found that, while the agency violated its obligation to remove all documents pertaining to the removal action from the appellant's official personnel folder, it apologized for and corrected the violation within 15 days of the appellant alerting the agency to the violation, and was therefore in compliance. CF, Tab 6, Compliance Initial Decision (CID) at 3-4. The administrative judge also found that the agency complied with its obligation under the agreement to provide the appellant with service credit for the period from April 7, 2008, to July 11, 2011. CID at 4. The initial decision acknowledged the appellant's contention that the settlement agreement was

invalid and should be set aside, but informed her that a challenge to the validity of a settlement agreement cannot be raised in a petition for enforcement; such an argument can only be raised by filing a petition for review of the initial decision that approved the settlement agreement.[2]  CID at 5-6.  In so ruling, the administrative judge rejected the appellant's contention that she should have received back pay, observing that the appellant released any claim to back pay she otherwise would have had in the settlement agreement.  CID at 6.

¶3      In her petition for review, the appellant reiterates arguments made below about compliance matters.  Petition for Review File, Tab 1.

**ANALYSIS**

¶4      Although the appellant reiterates her contention that the agency took an inordinately long time to comply with its obligation to remove all documents pertaining to the removal action from her official personnel folder, she does not dispute that the agency is now in compliance with that obligation.  As to the agency's obligation to give the appellant service credit for the period from April 7, 2008, to July 11, 2011, the appellant does not dispute that this has been done.  She reiterates her argument that she ought to receive back pay for this period.  *Id*. at 5.  But, as the administrative judge pointed out, the settlement agreement specifically provided that the appellant would not receive back pay, and the agreement constituted a waiver of any right to back pay she might otherwise have.  ID at 6;  *see Coker v. Department of Commerce*, 111 M.S.P.R. 523, ¶ 9, *aff'd*, 355 F. App'x 421 (Fed. Cir. 2009).

¶5      Thus, we find that the administrative judge correctly denied the appellant's petition for enforcement.

---

[2] The appellant listed the docket number of the underlying merits appeal as the case in which she was seeking Board review.  Petition for Review (PFR) File, Tab 1.  When an attorney in the Office of the Clerk of the Board spoke to the appellant's representative to ascertain whether this was intentional, the representative advised that the appellant was in fact seeking review of the compliance initial decision, not the initial decision that approved the settlement agreement.  PFR File, Tab 2.

# NOTICE TO THE APPELLANT REGARDING
## YOUR FURTHER REVIEW RIGHTS[3]

You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* title 5 of the U.S. Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your

---

[3] In the compliance initial decision, the administrative judge provided the appellant with nonmixed-case appeal rights. However, because the appellant raised the affirmative defenses of discrimination and retaliation in the underlying appeal, this is a mixed-case appeal.  *Caros v. Department of Health & Human Services*, 122 M.S.P.R. 231, ¶ 20 (2015).  Accordingly, we have provided the proper appeal rights here.

discrimination claims and your other claims in an appropriate U.S. district court. *See* 5 U.S.C. § 7703(b)(2). You must file your civil action with the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court‑appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board

Washington, D.C.